The Disciplinary Review Board having filed with the Court its decision in DRB 17-161, concluding on the record certified to the Board pursuant to Rule 1:20-4(f)(default by respondent) that BARRY N. FRANK, formerly of ENGLEWOOD, who *299 was admitted to the bar of this State in 1977, and who has been suspended **326 from the practice of law since September 16, 2014, pursuant to Orders of the Court filed September 16, 2014, November 2, 2016, and November 3, 2016, should be suspended from practice for a period of one year for unethical conduct, including violations of RPC 1.1(a) (gross neglect), RPC 1.5(b) (failure to memorialize the rate or basis of the fee), RPC 1.15(d) (recordkeeping violations), RPC 5.4(b) (forming a partnership with a nonlawyer involving the practice of law), RPC 5.5(a)(2) (assisting a person who is not a member of the bar in the unauthorized practice of law), RPC 7.1(a)(2) (making a false or misleading communication about the lawyer or the lawyer's services), RPC 7.5(a) and (c) (using misleading firm letterhead containing the name of a person not actively associated with the firm as an attorney), RPC 8.1(b) (failure to cooperate with disciplinary authorities), and RPC 8.4(a) (knowingly assisting or inducing another to violate the RPCs);
And the Disciplinary Review Board having further concluded that prior to reinstatement to the of practice of law, respondent should be required to submit proof of his fitness to practice;
And good cause appearing;
It is ORDERED that BARRY N. FRANK is suspended from the practice of law for a period of one year and until the further Order of the Court, effective immediately; and it is further
ORDERED that prior to reinstatement to practice, respondent shall submit to the Office of Attorney Ethics proof of his fitness to practice law, as attested to by a mental health professional approved by the Office of Attorney Ethics; and it is further
ORDERED that BARRY N. FRANK remain suspended from the practice of law pursuant to the Orders of the Court filed September 16, 2014, November 2, 2016, and November 3, 2016, and pending his compliance with the determination of the District IIA Fee Arbitration Committee in District Docket No. IIA-2015-0464F, and payment of the sanction of $500 to the Disciplinary Oversight Committee, and until the further Order of the Court; and it is further **327 ORDERED that respondent continue to comply with Rule 1:20-20 dealing with suspended attorneys; and it is further
ORDERED that respondent comply with Rule 1:20-20 dealing with suspended attorneys; and it is further
ORDERED that pursuant to Rule 1:20-20(c), respondent's failure to comply with the Affidavit of Compliance requirement of Rule 1:20-20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of RPC 8.1(b) and RPC 8.4(d) ; and (3) provide a basis for an action for contempt pursuant to Rule 1:10-2; and it is further
ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further
ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in Rule 1:20-17.